UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  "O"

| Case No. | CV 12-9388 CAS (FFMx) | Date | November 21, 2012 |
|---|---|---|---|
| Title | EVANDER HOLYFIELD V. JULIEN ENTERTAINMENT.COM, INC., ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants

Not Present  Not Present

**Proceedings:** (IN CHAMBERS) PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER (Docket #3, filed 11/1/2012)

DEFENDANTS' EX PARTE APPLICATION FOR ORDER TO COMPEL ARBITRATION AND TO STAY PENDING ACTION (Docket #22, filed 11/6/2012)

## I. INTRODUCTION

Plaintiff filed the instant action in this Court on November 1, 2012. Plaintiff's complaint asserts eight claims for relief: (1) conversion, (2) unfair business practices, (3) breach of fiduciary duty, (4) breach of oral contract, (5) anticipatory breach of oral contract, (6) false promise, (7) misrepresentation, and (8) declaratory relief.

On November 1, 2012, plaintiff also filed an ex parte application for a temporary restraining order to restrain defendants from selling certain property. On November 5, 2012, defendants submitted an opposition, and plaintiff submitted a reply on November 6, 2012. Additionally, defendants filed an ex parte application for an order compelling arbitration on November 6, 2012. Plaintiff filed an opposition on November 8, 2012, and defendants replied on November 9, 2012. The parties' ex parte applications are before the Court.

## II. BACKGROUND

Plaintiff Evander Holyfield is a famous boxer, and defendants operate an auction house that specializes in sports and celebrity memorabilia. In this lawsuit, plaintiff is seeking to prevent defendants from auctioning twenty pieces of his property (described

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     "O"

| Case No. | CV 12-9388 CAS (FFMx) | Date | November 21, 2012 |
|---|---|---|---|
| Title | EVANDER HOLYFIELD V. JULIEN ENTERTAINMENT.COM, INC., ET AL | | |

by him as the "Not For Sale Items"), which are currently scheduled to be sold on November 30, 2012. The Not For Sale Items include the boxing gloves plaintiff wore during his first victory over Mike Tyson, memorabilia from plaintiff's participation in the 1984 Olympics, five of plaintiff's heavyweight championship belts, and robes worn by plaintiff in several fights.

     The events underlying this dispute began in July 2012, when plaintiff had to hastily vacate his home in Georgia due to foreclosure. To assist him with moving, plaintiff hired a moving company to pack and store his personal belongings. The moving company transferred plaintiff's possessions to storage vaults on its property, but refused to release the possessions until it was paid approximately $40,000 for its services.

     The same day the moving company finished packing and storing plaintiff's possessions, defendant Darren Julien ("Julien") contacted plaintiff with an offer to auction some of plaintiff's possessions through Julien's Auctions ("JA"). Plaintiff and Julien orally agreed that JA would organize an auction for some of plaintiff's possessions, but reached no agreement regarding which items would be auctioned. Additionally, as consideration for agreeing to conduct the auction, JA advanced plaintiff the amounts owed to the moving company, and also agreed to ship items that would be featured in the auction to Los Angeles, where the auction was to be held and where the parties believed plaintiff's property would be more secure.

     On July 16, 2012, JA employees met with plaintiff and his personal assistant at the moving company's storage facilities in Georgia to arrange for transportation of some of plaintiff's property to Los Angeles. Plaintiff explains that it was his understanding that JA was going to remove all or most of his possessions from the moving company's storage facility, and that he and JA would subsequently seek to agree regarding which items would be auctioned after the possessions were transported to Los Angeles. Defendants, in contrast, maintain that when JA was moving plaintiff's items from Georgia to Los Angeles, plaintiff approved the sale of each of the twenty Not For Sale Items that are the subject of this lawsuit. Additionally, defendants assert that any items plaintiff did not want to sell were returned to the moving company's facility for storage.

     On July 21, 2012, plaintiff and JA executed a Consignment Agreement setting out the terms and conditions governing the auctioning of plaintiff's property. This agreement states that the property to be consigned to JA for auction is "described or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | "O" |
|---|---|---|---|
| Case No. | CV 12-9388 CAS (FFMx) | Date | November 21, 2012 |
| Title | EVANDER HOLYFIELD V. JULIEN ENTERTAINMENT.COM, INC., ET AL | | |

referenced" on a "Consignment Receipt." Consignment Agreement § 1. Additionally, in a box labeled "Consigned Property," the Consignment Agreement states "Julien's to attach inventory of items recived [sic] by Evander." Consignment Agreement § 1. When the agreement was executed, however, it appears that there was no Consignment Receipt attached to the Consignment Agreement, nor was there an inventory of items attached to the agreement or other written agreement specifying which items were to be auctioned.

After July 21, 2012, JA began marketing the auction and creating a catalogue to advertise plaintiff's property for auction. It was not until September 26, 2012, however, that JA sent plaintiff a list specifying which items would be offered for auction. The list named approximately 440 items. After reviewing the list, plaintiff asked his attorney to contact JA and ask it to withdraw the Not For Sale items from the auction. JA agreed to withdraw nine of the items, but refused to withdraw the rest. Despite this disagreement, JA organized a fiftieth birthday party for plaintiff on October 19, 2012 that was also meant to promote the auction, and all of the Not For Sale Items were displayed at the party.

On October 28, 2012, JA posted an online version of its auction catalogue. While this catalogue does not feature eight of the Not For Sale items, the rest are included in the catalogue, including one of the nine items JA had agreed to exclude. None of the Not For Sale Items have been returned to plaintiff.

### III. LEGAL STANDARD

The standards for issuing a temporary restraining order and a preliminary injunction are "substantially identical." Stuhlbarg Int'l Sales Co. v. John D. Brushy & Co., 240 F.3d 832, 839 & fn.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary remedy." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); see also Cal Pharms. Ass'n v. Maxwell-Jolly, 563 F.3d 847, 849 (9th Cir. 2009). Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  "O"

| Case No. | CV 12-9388 CAS (FFMx) | Date | November 21, 2012 |
|---|---|---|---|
| Title | EVANDER HOLYFIELD V. JULIEN ENTERTAINMENT.COM, INC., ET AL | | |

assuming the other two elements of the Winter test are also met." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1132 (9th Cir. 2011). A "serious question" is one on which the movant "has a fair chance of success on the merits." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1421 (9th Cir. 1984). Under either formulation, demonstrating a likelihood of success on the merits and irreparable harm is "most critical." Nken v. Holder, 556 U.S. 418, 434 (2009).

IV.   ANALYSIS

   A.   **Temporary Restraining Orders Preserving the Status Quo Pending Arbitration are Permissible**

Defendants argue that the Court must stay the action and order arbitration without granting a temporary restraining order because the parties agreed to arbitrate any disputes arising in connection with the Consignment Agreement.[1] Without reaching the issue of whether the arbitration clause in the Consignment Agreement is binding on the parties, the Court rejects defendants' argument. Even if plaintiff's claims are subject to arbitration, an agreement to arbitrate would not bar the Court from issuing a temporary restraining order. Under Ninth Circuit law, district courts may issue preliminary injunctive relief to preserve the status quo pending arbitration. Toyo Tire Holdings of Amercias Inc. v. Continental Tire North America, Inc., 609 F.3d 975, 980 (9th Cir. 2010). As the Ninth Circuit has recognized, such injunctions can be necessary to insure "the meaningfulness of the arbitration process," and therefore further the congress's policy in favor of enforcing arbitration agreements. Id. Other circuits are in agreement. Id. at 981 – 982 (collecting cases). Additionally, the Ninth Circuit in Toyo Tire explained that injunctive relief in this context is particularly important because "one party to the arbitration often has an incentive to delay arbitration proceedings to its own

---

[1] The Consignment Agreement contains a clause providing that "any dispute, claim or controversy in connection with this agreement . . . will be resolved exclusively by final, binding arbitration." Consignment Agreement § 19.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  "O"

| Case No. | CV 12-9388 CAS (FFMx) | Date | November 21, 2012 |
|---|---|---|---|
| Title | EVANDER HOLYFIELD V. JULIEN ENTERTAINMENT.COM, INC., ET AL | | |

advantage," and "[e]ven without bad faith by either party, the selection of arbitrators and the constitution of the arbitral panel necessarily takes time." Id. at 981.[2]

### B. Whether Plaintiff Waived his Right to Pursue Injunctive Relief

Defendants argue that plaintiff waived his right to pursue injunctive relief in the Consignment Agreement, which states:

> You agree and acknowledge that your rights and remedies against us or any distributor or financier or other party related to the auction shall be limited in an action at law for money damages, and you hereby waive all other rights and remedies which you might have at law or equity (including . . . injunctive relief . . . ).

Consignment Agreements § 19. In response, plaintiff argues that this waiver of his right to pursue injunctive relief is void under California's laws regulating auctions.

Again, the Court need not reach the issue of whether the Consignment Agreement is binding on the parties to address defendants' argument, because California law renders waivers of the right to pursue injunctive relief void under the circumstances of this case. California Civil Code §§ 1812.601 et seq. sets out rules governing the conduct of auctions and auctioneers. Pursuant to § 1812.602, a court may issue an injunction restraining any person "about to engage in any act that constitutes a violation of this title" from engaging in "the violative conduct." Cal. Civ. Code § 1812.602. Additionally, under § 1812.609, "[a]ny waiver of the provisions of this title is contrary to public policy, and is void and unenforceable." Cal Civ. Code § 1812.609.

---

[2] The underlying agreement considered by the Court in Toyo Tire expressly allowed the parties to pursue interim relief in a judicial forum, whereas the agreement at issue in this case contains no such provision. This distinction is inconsequential because courts may issue injunctions preserving the status quo pending arbitration even when arbitration provisions do not expressly allow the parties to pursue this relief. See, e.g., Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 910 F.2d 1049, 1052 (2d Cir. 1990) (noting that prior precedent "removes any doubt that district court injunctions pending arbitration are available only when the contract expressly so provides.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | "O" |
|---|---|---|---|
| Case No. | CV 12-9388 CAS (FFMx) | Date | November 21, 2012 |
| Title | EVANDER HOLYFIELD V. JULIEN ENTERTAINMENT.COM, INC., ET AL | | |

Therefore, California law grants plaintiff the right to pursue injunctive relief to restrain conduct that violates California's auctioneering laws even if the parties have agreed that the right to seek injunctive relief has been waived. The waiver is simply without effect. As explained below, it appears that plaintiff can likely prove that defendants' planned auction is in violation of California auctioneering law, and therefore plaintiff could not have waived his right to pursue injunctive relief.

**C.     Whether Plaintiff is Likely to Succeed on the Merits**

California Civil Code § 1812.608 prevents any person from selling goods at an auction without a written contract with the owner of the goods. Cal. Civ. Code § 1812.608(d). This statute states:

> [I]t is a violation of this title for any person to do any of the following:
>
> (d) Sell goods at auction before the auctioneer or auction company involved has first entered into a written contract with the owner or consignor of the goods, which contract sets forth the terms and conditions upon which the auctioneer or auction company accepts the goods for sale. The written contract shall include all of the following . . .
>
>> (2) An inventory of the item or items to be sold at auction.

Cal. Civ. Code § 1812.608(d). In essence, this statute is a statute of frauds for contracts to auction goods. Oral agreements to auction goods are invalid.

The Consignment Agreement contemplates that a written inventory of items will be agreed upon by the parties. Specifically, it states:

> You hereby consign your property to us for sale at auction pursuant to the terms of this agreement. As used herein, the "property" individually and collectively refers to all property describe or references. . . on a Consignment Receipt (the "Receipt") if indicated below: Julien's to Attach inventory of items recived [sic] by Evander
>
> Any such separate exhibits and/or Consignment Receipt(s) attached hereto are hereby incorporated into the agreement by this reference, all as they may

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  "O"

| Case No. | CV 12-9388 CAS (FFMx) | Date | November 21, 2012 |
|---|---|---|---|
| Title | EVANDER HOLYFIELD V. JULIEN ENTERTAINMENT.COM, INC., ET AL | | |

be mutually revised, amended, modified and/or updated from time-to-time by mutual agreement.

Consignment Agreement § 1. As plaintiff points out, when the parties purported to execute the Consignment Agreement, there was no Consignment Receipt or other written document describing which of plaintiff's items were to be sold at auction. Although defendants argue that plaintiff or his assistant gave them oral permission to sell the Not For Sale Items when they were removed from Georgia, these oral agreements do not appear sufficient to satisfy California law. Moreover, there is no subsequent writing signed by the parties specifying which items are to be sold at the auction. Defendants did send plaintiff a written list of 440 items that they intended to sell at the auction on September 26, 2012, which included the Not For Sale Items. But that list was sent to plaintiff long after the parties executed the Consignment Agreement, and plaintiff never agreed in writing that the list acted as an amendment to the Consignment Agreement. To the contrary: when plaintiff received the list, he almost immediately objected to it and demanded the return of the Not For Sale Items.

Accordingly, because there is no written agreement that includes an inventory containing the Not For Sale Items, California law appears to bar defendants from auctioning the Not For Sale Items. The Court therefore finds that plaintiff is likely to succeed on the merits of his claims.[3]

---

[3] At oral argument, counsel for defendants argued that under California Civil Code § 1812.602, plaintiff is not entitled to an injunction that restrains defendants from auctioning the Not For Sale items but allows defendants to auction the remaining items. Defendants argue that plaintiff must enjoin the entire auction or none of it. The Court finds that this inequitable result is not required under California law. California Civil Code § 1812.602 grants plaintiff the right to restrain "any act that constitutes a violation of this title;" it does not state that plaintiff must seek to restrain "any auction" in order to be entitled to relief. As explained above, auctioning the Not For Sale Items would likely be an act in violation of California's auctioneering law, and plaintiff may therefore seek an order restraining that violative conduct alone.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** "O"

| Case No. | CV 12-9388 CAS (FFMx) | Date | November 21, 2012 |
|---|---|---|---|
| Title | EVANDER HOLYFIELD V. JULIEN ENTERTAINMENT.COM, INC., ET AL | | |

### D. Whether Plaintiff Faces Irreparable Harm

Irreparable harm is harm that is imminent and cannot be adequately remedied by money damages. Tom Doherty Associates, Inc. v. Saban Entertainment, Inc., 60 F.3d 27, 37 (2d Cir. 1995). Here, plaintiff faces the permanent loss of unique items that have sentimental value to him due to their role in his professional career. Included among these items are the robes plaintiff wore for significant fights in his career, his heavyweight championship belts, the boxing gloves he wore during his first victory over fellow boxer Mike Tyson, and a medal from the 1984 Olympics. Holyfield Decl. ¶¶ 17 – 18. As plaintiff explains:

> The [Not For Sale Items] are extremely special to me, for very sentimental reasons. For example, the robe from my first professional fight; the robe from my toughest professional fight; the gloves from the first time I beat Mike Tyson (when everyone had told me he was so much better than I was); items from my 1984 Olympics experience which rocketed me to the center of publicity and boxing attention; and, my 5 world heavyweight championship belts (which have precious jewels) which also are very special to me

Holyfield Decl. ¶ 18. Because these items are unique and irreplaceable, and plaintiff is faced with loss of the items at the November 30 auction, the Court finds that plaintiff is threatened with irreparable harm. See Tom Doherty Associates, Inc., 60 F.3d at 37 ("We have also found irreparable harm in the loss of a relatively unique product.") (citing Reuters Ltd. v. United Press Int'l, Inc., 903 F.2d 904 (2d Cir. 1990).

### E. Whether the Balance of the Equities Tips in Plaintiff's Favor

As explained above, if plaintiff is not granted a temporary restraining order, he stands to lose unique and irreparable objects with significant sentimental value to him that were a part of his well-known and highly respected career in boxing. Nonetheless, defendants argue that the equities tip in their favor because the harm to them would be "catastrophic." Defendants suggest that if they are forced to withdraw the Not For Sale Items from auction, the resulting embarrassment will so damage their reputation that they will cease to exist. Defendants do not, however, produce any evidence beyond Julien's declaration that their business would fail or suffer any significant harm if it were not allowed to auction the Not For Sale Items. Consequently, any injury faced by JA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** "O"

| Case No. | CV 12-9388 CAS (FFMx) | Date | November 21, 2012 |
|---|---|---|---|
| Title | EVANDER HOLYFIELD V. JULIEN ENTERTAINMENT.COM, INC., ET AL | | |

from a temporary restraining order is speculative, and hence not as significant as the irreparable harm faced by plaintiff. See Goldie's Bookstore, Inc. v. Superior Court of State of Cal., 739 F.2d 466, 472 (9th Cir. 1984) ("Speculative injury does not constitute irreparable injury."). Additionally, removing the Not For Sale Items from the auction would leave defendants with over 400 items to auction, including all of plaintiff's memorabilia from plaintiff's famous "bite fight." Holyfield Decl. ¶ 18.[4] It therefore appears unlikely that defendants' reputation will be significantly harmed by withdrawal of the Not For Sale items.

Moreover, defendant's claim to "catastrophic" injury is belied by their actions in this case. Prior to the filing of this lawsuit, defendants admittedly offered to return several of the Not For Sale Items to plaintiff even though they had already published press releases stating that these items would be for sale. See Julien Decl. ¶¶ 29 – 30, 38 (mentioning press releases advertising sale of plaintiff's Olympic medal, and confirming that defendants offered to return the Olympic medal to plaintiff). Presumably, defendants would not have offered to return items that had already been advertised for sale if doing so would jeopardize the existence of their business. Therefore, the Court finds that the equities in this case tip in plaintiff's favor.

**F. Whether the Public Interest Favors Granting an Temporary Restraining Order**

District courts are required to weigh the public interest implicated by a temporary restraining order. Stormans, Inc. v. Selecky, 586 F.3d 1109, 1138 (9th Cir. 2009). However, "[w]hen the reach of an injunction is narrow, limited only to the parties, and has no impact on non-parties, the public interest will be at most a neutral factor in the analysis rather than one that favors granting or denying the preliminary injunction." Id. This case is a contract dispute that does not implicate any broad public interest beyond the parties. Accordingly, since the other factors weigh in favor of issuing a temporary restraining order, and because a temporary restraining order ensures that the parties will

---

[4] Defendants argue that the Not For Sale Items are the marquee pieces in the auction. This claim is belied by the fact that the items that are excluded from the auction include possessions such as plaintiff's 1998 Father of the Year award.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  "O"

| Case No. | CV 12-9388 CAS (FFMx) | Date | November 21, 2012 |
|---|---|---|---|
| Title | EVANDER HOLYFIELD V. JULIEN ENTERTAINMENT.COM, INC., ET AL | | |

be able to arbitrate their claims should arbitration be ordered, this factor does not preclude granting relief.[5]

### G. The Court Requests the Parties to Address the Amount of a Bond

Federal Rule of Civil Procedure 65(c) states that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  Fed. R. Civ. Proc. 65(c).  The parties' submissions have not addressed what amount of security should be required, and while the Court heard oral argument addressing the topic, it finds that further evidence and argument is necessary.  The Court therefore directs the parties to address this issue in supplemental briefing: plaintiff must submit a brief by **November 23, 2012**, and defendants must reply by **November 26, 2012**.  The supplemental briefing may only address the amount of a bond, and the memoranda of points and authorities may not exceed **five pages**.

### V. CONCLUSION

In accordance with the foregoing, plaintiff's ex parte application for a temporary restraining order restraining the sale of the Not For Sale Items is hereby GRANTED.  Pursuant to Federal Rule of Civil Procedure 65, a temporary restraining order preventing defendants from auctioning the Not For Sale Items should issue, to remain in effect until **December 3, 2012**.  Plaintiff is ordered to prepare a form of temporary restraining order that conforms to the Court's order.

---

[5] Defendants previously submitted their request to arbitrate as a noticed motion, and later sought arbitration on an ex parte basis.  The Court finds that the appropriate procedure to seek arbitration is by noticed motion, particularly because a temporary restraining order may issue whether or not this dispute is subject to arbitration.  Toyo Tire Holdings of Amercias Inc. v. Continental Tire North America, Inc., 609 F.3d 975, 980 (9th Cir. 2010).  Consequently, the Court orders that the ex parte application to compel arbitration be converted into a motion to compel arbitration.  Plaintiff must submit its opposition to the motion no later than **December 3, 2012**, and defendants must submit their reply no later than **December 10, 2012**.  The motion will be heard on **December 17, 2012**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                               "O"

| Case No. | CV 12-9388 CAS (FFMx) | Date | November 21, 2012 |
|---|---|---|---|
| Title | EVANDER HOLYFIELD V. JULIEN ENTERTAINMENT.COM, INC., ET AL | | |

    Additionally, the Court hereby ORDERS the parties to show cause why a preliminary injunction restraining defendants from auctioning the Not For Sale items should not issue on **December 3, 2012**. Defendants are required to submit a brief explaining why a preliminary injunction should not issue by **November 26, 2012**, and plaintiff must reply by **November 30, 2012**. The parties' briefs should not exceed **ten pages**.

    IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |