**Susan L. Harrison (Bar No. 105779)**
HARRISON LAW AND MEDIATION
500 Silver Spur Road, Suite 205
Rancho Palos Verdes, CA 90275
Telephone: (310) 541-6400
Facsimile: (310) 541-6405

Attorneys for Plaintiff,
EVANDER HOLYFIELD

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVANDER HOLYFIELD, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> JULIEN ENTERTAINMENT.COM, INC. dba JULIEN'S AUCTIONS, a California Corporation and DARREN JULIEN, an individual <br><br> Defendants. | Case No.  CV12-09388 CAS-FFMx <br><br> [*Assigned for all purposes to the Honorable Christina A. Snyder*] <br><br> [PROPOSED] PRELIMINARY INJUNCTION IN FAVOR OF PLAINTIFF EVANDER HOLYFIELD |

The Court, having read all papers filed in support of and in opposition to Plaintiff's Ex Parte Application for a Temporary Restraining Order and Order to Show Cause why a Preliminary Injunction Should Not Issue ("Plaintiff's Application"), having GRANTED Plaintiff's Application on November 21, 2012, having issued an Order to Show Cause ("OSC") Why a Preliminary Injunction should not issue restraining Defendants herein, and having considered the supplemental papers relating to said OSC filed on November 27 and 29, 2012, hereby GRANTS Plaintiff's request for issuance of a Preliminary Injunction herein.

The Court finds:

- that Plaintiff is likely to succeed on the merits of his claims;

- that Plaintiff is threatened with irreparable harm because the 20 items of Plaintiff's personal property at issue here are unique and irreplaceable and have significant sentimental value to him, and Plaintiff is faced with the loss of said items through auction by Defendants if a Preliminary Injunction is not issued;

- that any injury faced by Defendants from issuance of a Preliminary Injunction is speculative and not as significant as the irreparable harm faced by Plaintiff, so that the equities in this case tip in Plaintiff's favor;

- that issuance of a Preliminary Injunction in this contract dispute, limited only to the parties, does not implicate any broad public interest beyond the parties;

- that Plaintiff has posted the security required by this Court's Order of November 27, 2012; and

- that preliminary injunctive relief is appropriate to preserve the status quo pending arbitration, and any waiver by Plaintiff of the right to pursue injunctive relief is void under the circumstances of this case.

IT IS HEREBY ORDERED that Defendants JULIEN ENTERTAINMENT.COM, INC. dba JULIEN'S AUCTIONS, a California Corporation and DARREN JULIEN, an individual (collectively "Defendants"), and each of them, and their officers, agents, servants, employees and all those acting by and through, under or in concert or participation with any of them ARE HEREBY RESTRAINED AND ENJOINED of and from:

(a) Further advertising and/or promoting for sale of any of the following identified 20 items of personal property which Plaintiff Evander Holyfield has expressly declined to give Defendants authorization to sell (the "Not for Sale Items"), identified by item number and/or description as follows:

- 37705 (40th birthday artwork)
- 37652 (1998 father of the year award)
- 37736 (1996 Tyson fight worn gloves)
- 37633 and 37634 (1993 WBA and IBF championship belts)
- 37476, 37638 and 37639 (1990 WBA, IBF and WBC championship belts)
- 37377 (1990 Douglas fight worn robe)
- 37947 (1986 Qawi fight worn robe)
- 37628 (1986 WBA junior heavyweight belt)
- 37052 (1983 Pan Am games silver medal)
- 37331 (1984 Golden Gloves ring)
- 37378, 37051 and 37351 (Olympics robe, bronze medal and ring)
- 38010 (Olympics coin set)
- 37379 and 37382 (1984 Byarm fight worn robe and gloves)
- 37704 ("The Corner" lithograph signed by Holyfield to his mother)

(b) Transferring of any interest in any of the above Not for Sale Items by sale, pledge or grant of any security interest;

(c) Any disposition or encumbrance of any of the above Not for Sale Items;

(d) Concealing or otherwise moving any of the above Not for Sale Items in such manner to make them less available to seizure by a levying officer; and

(e) Any acts of destruction or failure to care for any of the above Not for Sale Items in a reasonable manner.

This Preliminary Injunction shall remain in effect pending completion of the trial of this action, entry of Judgment herein, or further Order of the Court.

The Court reserves jurisdiction to modify or dissolve this Injunction as may be required by the interests of justice.

DATED: December 5, 2012

_____
Honorable Christina A. Snyder
UNITED STATES DISTRICT JUDGE