# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES - GENERAL

| Case No. | 2:12-cv-09388-CAS(FFMx) | Date | May 21, 2014 |
|---|---|---|---|
| Title | EVANDER HOLYFIELD V. JULIEN ENTERTAINMENT.COM INC, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:**    **(In Chambers:)** PLAINTIFF'S MOTION FOR RELEASE OF BOND OBLIGATION AND CONFIRMATION OF ARBITRATION AWARD (Dkt. #67, filed April 28, 2014)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of June 2, 2014, is vacated, and the matter is hereby taken under submission.

The facts and procedural history of this case are set forth in the Court's prior orders, including the Court's order granting plaintiff's application for a temporary restraining order, dkt. #39, and the Court's order staying this action pending resolution of plaintiff's claims in arbitration, dkt. #59.

An arbitration was conducted in this matter at the JAMS office in Santa Monica, California on October 16 through 18, 2013. Dkt. #67, Ex. A. On April 28, 2014, plaintiff filed a motion seeking confirmation of the arbitration award, as well as the resolution of several other issues. Dkt. #67. Defendants responded on May 19, 2014. Dkt. #68.[1] The Court addresses each issue in turn.

---

[1] On May 20, 2014, plaintiff filed an objection to defendants' opposition on the grounds that it is untimely, and effectively precludes him from filing a reply brief. Dkt. #69. Defendants respond that they did not become aware of the present motion at the time that it was filed because the electronic notification was sent to counsel who are no longer working on this matter, or are no longer employed by the firm representing defendants. Defendants request that the Court consider their response even though it is untimely. Based on defendants' representations, the Court finds that defendants' response should be considered in ruling on the present motion. Moreover, as set forth

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-09388-CAS(FFMx) | Date | May 21, 2014 |
|---|---|---|---|
| Title | EVANDER HOLYFIELD V. JULIEN ENTERTAINMENT.COM INC, ET AL. | | |

First, plaintiff seeks the release of a preliminary injunction bond in the amount of $250,000, which was posted in December 2012. See dkt. #49. Defendants state that they do not oppose the release of the bond. Based on the parties' agreement, the bond is hereby EXONERATED. The Clerk of Court is authorized to return the bond to plaintiff.

Second, plaintiff seeks confirmation of the arbitrator's award. Defendants state that they do not oppose this. However, it appears that a dispute has arisen between the parties regarding which party is responsible for returning to plaintiff items not sold at auction, as well as which party is responsible for the cost of such return. The parties appear to agree that this issue was not previously resolved by the arbitrator. The Court finds that this dispute should be resolved by the arbitrator, since it involves the interpretation of the Consignment Agreement. See dkt. #1, Ex. A (providing that "any dispute, claim or controversy in connection with this agreement . . . will be resolved exclusively by final, binding arbitration"). Accordingly, the Court RESERVES ruling on plaintiff's request to confirm the arbitrator's award until such time as the arbitrator has resolved the question of which party should bear the cost of returning items not sold at auction.

Third, plaintiff states that he intends to seek, in a separate motion, an award of attorney's fees on the grounds that he is the prevailing party in this action. Defendants contend that the arbitrator's findings provide a sufficient basis for concluding that plaintiff should not be awarded fees. The Court declines to resolve this issue at this stage. Rather, the Court will consider whether fees should be awarded after plaintiff files a motion for attorney's fees.

In accordance with the foregoing, plaintiff's motion is hereby GRANTED IN PART and DENIED IN PART. Additionally, the Court RESERVES ruling on the parties' request for confirmation of the arbitrator's award.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

herein, the Court finds that the issues raised by plaintiff's motion are either undisputed or not situated for immediate resolution by this Court. Thus, plaintiff will not be prejudiced by an inability to file a reply.